UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

OMAR ODETTE and

VICTORIA ARTEAGA

Debtors.
_____/

Chapter 7
Case No. 04-35063

Honorable Walter Shapero

## OPINION GRANTING MOTION TO CONVERT CHAPTER 7 CASE TO A CHAPTER 13 CASE

After this chapter 7 case was filed, Debtor moved to convert it to chapter 13. The motion was opposed by some creditors and the Court held an evidentiary hearing.

The Debtors' schedules indicate they were the sole "owners"(shareholders) of "A & O Builders, Inc.," which appears to have been engaged in some aspect of the construction business. Debtors' Schedule F, as last amended, and insofar as is relevant to this matter, lists approximately $141,143 in unsecured liquidated debts of the Debtor husband; $61,408 in unsecured liquidated debts of the Debtor wife, and $72,063 in their joint debts. In addition, Amended Schedule F also lists approximately $243,603 in obligations that it refers to as "corporate debt,"( referring presumably to debts of A & O Builders, Inc.) As to most, if not all of those "corporate" debts, the schedule denotes them as contingent and unliquidated and they are accompanied by a notation in the amount of the claim column of the schedule stating, "notice only." Specific amounts of such debts are also set forth. In various other places the schedules also refer to the accounts receivable of that corporation and estimate the corporate debts to be $70,000. (How this latter figure squares

1

with what is listed on Schedule F as corporate debt is not clear, but also not particularly relevant to the result.)

The first objection to conversion is that Debtors are ineligible under 11 U.S.C. § 109(e), because their total debts exceed the $307,675 Chapter 13 non-contingent, liquidated unsecured debt ceiling. The second objection is that irrespective of the outcome of the first objection, the attempted conversion is in bad faith.

In analyzing the first objection, it should be initially noted that 109(e) clearly says and means that for purposes of Chapter 13 eligibility, you aggregate the husband's and wife's individual and joint debts. Doing so produces a total of $274,614, which considered alone would indicate eligibility. Objectors argue, however, (a) that there should be added to that number, some amount or portion (clearly the potential of which is obviously greater than what is necessary to have Debtors exceed the eligibility threshold) of the stated corporate debt because Debtors have specifically guaranteed such, or are personally liable for such under piercing the corporate veil or other legal theories; and/or (b) debts listed as corporate debts never were corporate debts; but are individual or joint, and/or (c) debtors have individual obligations (other than those listed as corporate debts) which should have been listed but were not listed at all on the filed schedules.

Debtors bear the burden of proof to demonstrate chapter 13 eligibility. (In re Horne, 277 B.R. 320, Bankr. E.D. Tex 2002. On this first objection, the guiding cases in this circuit appear to be In Re Pearson, 773 F.2d 751 (6th Cir. 1985), as elaborated upon in the case of In Re Mannor, 175 B.R. 639 (Bankr. E.D. Mich 1994), the language of which requires the conclusion that: (1) a debtor's good faith assertion as to how much is owed is ordinarily accepted at face value and should "normally" be determined by the debtor's schedules; and (2) that as to any asserted amounts other

2

than those in the schedules, the inquiry can go outside the schedules, but, ultimately only to the extent it appears from said inquiry as a "legal certainty," that such are debts of debtors, should they be utilized in determining eligibility (notwithstanding that debtors may have filed the schedules in good faith). See In re Crouch, 30 B.R. 300 (Bankr. S.D. Ohio 1983); In re Snell, 227 B.R. 127 (Bankr.S.D. Ohio 1998). Part of the rationale of Pearson and similar authorities is that the nature of the threshold eligibility issue is such that it should not be one that is lengthy, involved, or so deeply evidentiary as to go to the point of having the Court substantially dispose of the question of whether or not the Debtors or either of them are ultimately and legally liable for each of the debts the existence or amount of which may have some bearing on the eligibility issue. Note also that while this is a case of a conversion from a chapter 7 to chapter 13, as opposed to an initial Chapter 13 filing situation, the same basic rules should apply.

It is worth noting that it is not unusual for shareholder(s) or members or partners of relatively small corporate or limited liability type entities who individually file for bankruptcy (and their often defunct entities do not) to list on their bankruptcy schedules, in addition to their own clearly individual debts, the outstanding debts of those entities - at least those which they have not by binding agreement specifically individually guaranteed and which thus, by contract, have become individual liabilities. Presumably, they are counseled to do so out of caution and/or an understandable concern they might actually be or be held to be individually liable for those debts and they desire to discharge such liability through the individual bankruptcy.[1]

---

[1] The practice in such situations of listing a corporate debt and creditor and stating it is done for "notice only" is at once interesting, intriguing and puzzling. Aside from the fact that enabling notice to be given to the interested parties is one of the prime functions of the schedules, if the point of including a corporate creditor in an individual bankruptcy schedule, is to attempt to obtain a discharge of the potential individual liability for that corporate debt,

3

In this particular case, using the scheduled figures as a starting point, the difference between the statutory eligibility limit of $307,675, and the scheduled individual and joint debts of $274,614, (or $33,061), is the amount that would need to be shown to a "legal certainty" as being properly categorized as individual or joint debt of Debtors to make them ineligible for chapter 13. In seeking to do so, as noted, Creditor alleges certain debts that were (a) not reported at all on Schedule F and should have been, listed as individual debts, or (b) were improperly reported on Schedule F as corporate debt when such should have been shown as individual (or joint) debt; or (c) were understated as to amount - the combination of which yields more than the indicated difference. For example, two of the debts in category (a) are claimed to be owed to Case Credit, and they total $16,476. Case Credit in fact is listed as a creditor on Schedule F, but only as being owed $3,969 jointly by the debtors on a credit card account. A credit report issued in respect to Debtor individually, which is in evidence,[2] refers not only to that account and that amount, but also to two other Case Credit items: to wit, an installment obligation originally of some $43,244 with a then current balance of $10,852, and a second installment obligation originally of some $18,870, the current balance of which is listed at $5,624. These latter items would seem to match up with a statement in Debtors filed Statement of Financial Affairs relating to Case Credit, that refers to two items of equipment (a trailer and a backhoe) and says such were voluntarily surrendered or

---

(Cont'd.....)
(....cont'd) why would one undermine that potential by the phrase "for notice only" which, arguably at least, tends to indicate you are seeking something different (less) in the bankruptcy with respect to that particular debt, than you are seeking with the other listed debts on that same schedule which are not accompanied by the "for notice only" notation.

[2]While admitted into evidence, the credit report (an important piece of evidence for creditor), ultimately carries less weight than other, more direct evidence.

4

repossessed in August of 2004; the relevant evidence would seem to indicate that the noted credit report current balance amounts represent balances due on the original installment obligations as opposed to some sort of deficiency obligation arising from the repossession and exercise of any security interest or other contract rights in relation to the collateral. There is also the matter of a debt owed to NCO Financial Systems. This is listed on Schedule F as a "deficiency balance-corporate debt for a Case backhoe voluntarily returned-estimated claim: $17,183," and as being contingent and unliquidated and a corporate debt. The Debtor's statement it is a "deficiency" amount, would seem to eliminate any issue as to the amount. However, the record before the Court does not permit a conclusion, to the required legal certainty, that either it, or the referred to Case Credit items are individual debts other than by was of being able to pierce the corporate veil.

Arguments made by the Creditor as to other debts likewise do not attain the legal certainty status, for instance, that certain debts listed as corporate debts, but which are the subject of lawsuits by the Plaintiff/Creditor in which the Debtors as individuals - are joined as parties. That is also insufficient to meet the legal certainty test. It is true there is some evidence that Debtors did not fully or consistently draw distinctions in the manner by which they engaged in their construction business, i.e., individually or through the corporation or observe all of the formalities or requirements incident to there being a separate and distinct corporate existence. That evidence the creditor argues, is sufficient to conclude the corporate veil should perforce be pierced and thus essentially all of the corporate debt should be considered individual debt. This the Court cannot conclude. If it did so, it would be doing violence to the mandated parameters respecting eligibility inquiries, and would have the effect of the Court determining that the Debtors were in fact and in law legally liable for all of the corporate debts. While the hearing conducted involved samplings

of individual situations and construction jobs and other evidence relevant to a proceeding to pierce the corporate veil, it fell short, and necessarily so, of a full blown piercing of the corporate veil proceeding designed to establish whether or not the Debtors were legally responsible for all of the corporate debts. Applicable law contemplates the very real possibility that debts which might not be considered debts for chapter 13 eligibility purposes, might very well ultimately be determined to be legally debts of the Debtor in a proceeding in which that is the central issue. For example, if Debtors confirm a chapter 13 plan, exactly which creditors might be entitled to distributions, and in what amounts could be just such a proceeding, and the granting of this motion is not determinative thereof.

In an individual case where eligibility depends in whole or in part upon the extent to which the debts of a corporation owned by that individual are also to be considered debts of that individual, utilizing piercing the corporate veil theories, it would be a rare case indeed where such could be concluded as a matter of legal certainty, without a full blown trial on the issue. A full blown trial is exactly what the case law says is inappropriate in an eligibility inquiry - hence the relatively high legal certainty standard. This is not that rare case. Nor are there debts in an amount which do not depend on piercing the corporate veil theories, i.e., debts which to a legal certainty are individual or joint with spouse debts that were not listed at all or debts that were listed as corporate debts which as a matter of legal certainty can be said (either as to liability or as to amounts), to be individual or joint, but not corporate, debts.

The Creditor also objects to the conversion on grounds that it is not proposed in good faith. The good faith inquiry involves a "totality of the circumstances" analysis mandated by In re Copper, 426 F.3d 810 (6th Cir. 2005). This latter case, in large measure endorsed, if not adopted as

6

appropriate criteria in evaluating the totality of circumstances in a conversion situation, the various factors set forth in In re Alt, 305 F.3d 413 (6th Cir. 2002). The Alt case lists some twelve factors to be considered in determining whether or not the attempted conversion represents an abuse of the bankruptcy process. As noted in Copper, while there is not an absolute right to convert, conversion is deniable in "extreme circumstances" and/or in situations involving such things as falsification of documents, failures to disclose, false representations or testimony, or other activity of kindred seriousness. Creditor does not here specifically deal with the indicated twelve factors seriatim. Indeed, if it did, one would find that by and large they do not favor the Creditor's position in this case. Creditor's emphasis in this case is that bad faith is primarily, if not exclusively, indicated by reason of Debtor's characterization or (mischaracterization) of the various debts, as corporate debts rather than as individual debts, presumably in an effort to enhance the possibility of being eligible for conversion. That one factor, even accepting its veracity, is not sufficiently weighty to overcome the many other Alt factors that favor the Debtor. Furthermore, even as to that one factor, one must at least say that there was full factual disclosure by the Debtor, there is little or no material failures of disclosure or falsification, either in schedules or testimony, and there exist few, if any, of the kinds and types or seriousness of abuses that have led to, or have been a factor in denial of conversions on bad faith grounds. Fairly stated, what is involved here are essentially legal and factual issues on whether to include or exclude certain debts from the eligibility computation - fair game and properly raised by the Creditor to be sure - but not of the stature of such abuse of the bankruptcy process as permits a finding of bad faith.

Accordingly, for the foregoing reasons the Debtor's motion to convert this case to a chapter 13 case is granted.

Entered: August 07, 2006

          /s/ Walter Shapero
Walter Shapero
United States Bankruptcy Judge

8